[Cite as *Nedea v. Cook*, 2016-Ohio-2754.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| Romulus Louis Nedea, | : | |
| | : | |
| Petitioner, | : | Case No. 16CA5 |
| | : | |
| v. | : | |
| | : | |
| B. Cook, Warden, | : | |
| | : | DECISION AND JUDGMENT ENTRY |
| Respondent. | : | |
| | : | **RELEASED: 4/27/2016** |

_____

APPEARANCES:

Romulus Louis Nedea, Southeastern Correctional Complex, Nelsonville, Ohio, Pro se.
_____

HARSHA, A.J.,

{¶1}   Romulus Louis Nedea filed a habeas corpus petition seeking his immediate release from the Southeastern Correctional Complex.  His petition states as its grounds that he is "unlawfully imprisoned and restrained of my liberty. . . without legal authority." He also includes an attachment with citations to federal habeas corpus statutory provisions, federal case law citations, and excerpts governing applications for federal collateral relief. The affidavit he filed with the petition alleges that the testimony given by the witnesses at trial did not support the indictment or his conviction and that he "is actually and factually innocent of all the unlawful three felonious offenses asserted upon him and is therefore, wrongfully tried, sentenced and convicted for the crime that had never happened * * *." He also includes a separate affidavit in which he states that he did not attach any of his commitment papers because the commitment

papers he received from the trial court "are all incorrect, not of the truth and manufactured to provide the basis for erronious [sic] indictment in or about September of 1969."

{¶2}   We sua sponte **DISMISS** Nedea's petition for habeas corpus.

I.

{¶3}   Nedea has filed no less than seven habeas corpus petitions in various federal courts and five in the Supreme Court of Ohio. *See Nedea v. Hocking Correctional Facility, Warden,* S.D. Ohio No.2:12-CV-821, 2012 WL 4088717 (Sept. 17, 2012); *Nedea v. Jackson,* N.D. Ohio No. 3:07CV2848, 2008 WL 657854, fn. 1 (March 6, 2008) (case citations for four additional federal habeas corpus petitions set forth in footnote); *Nedea v. Hocking Correctional Facility,* S.D. Ohio No. 2:04CV1005 (Oct. 26, 2004); *see also Nedea v. Tambi,* Ohio Supreme Court Case No. 2012-0974 (July 25, 2012) (sua sponte dismissal); *Nedea v. Jackson*, Ohio Supreme Court Case No. 2007-1424 (Sept. 26, 2007) (sua sponte dismissal); *Nedea v. Jackson*, Ohio Supreme Court Case No. 2007-0463 (May 2, 2007) (sua sponte dismissal); *Nedea v. Jackson*, Ohio Supreme Court Case No. 2006-2400 (Feb. 28, 2007) (sua sponte dismissal); *Nedea v. State of Ohio,* Ohio Supreme Court Case No. 2004-2062 (Jan. 26, 2005) (sua sponte dismissal).

{¶4}   This is Nedea's second habeas corpus petition filed in this court within the past nine months. *See Nedea v. Cook*, 4th Dist. Hocking No. 15CA12, 2015-Ohio-3668 (dismissing Nedea's habeas corpus petition for procedural flaws, including failure to attach commitment papers, and on substantive grounds that his claim concerning the

insufficiency of evidence could have been brought on direct appeal and because res judicata bars successive habeas corpus petitions). We outlined Nedea's criminal and procedural history in our 2015 decision and do not repeat it here.

{¶5} We find that this second petition raises the same insufficiency of the evidence claim that was raised in his 2015 petition. We dismiss this petition for the same reasons set forth in our 2015 decision: (1) The petition fails to comply with the procedural requirements of R.C. 2725.04(D) (requiring the attachment of commitment papers) and (2) His claim that his conviction is not supported by sufficient evidence is not cognizable in habeas corpus because he had an adequate remedy at law through a direct appeal. Moreover, because this petition constitutes Nedea's seventh state habeas corpus petition, any claims which could have been raised in previous petitions are barred by res judicata. In the interest of judicial economy, we incorporate our reasoning and analysis set forth in *Nedea v. Cook*, 4th Dist. Hocking No. 15CA12, 2015-Ohio-3668. In addition, to the extent Nedea seeks federal habeas corpus relief, we have no jurisdiction to provide it. *See* 28 U.S.C.A. 2254(a).

{¶6} We **DISMISS** Nedea's habeas corpus petition.

{¶7} The clerk shall serve a copy of this order on all counsel of record at their last known addresses. The clerk shall serve petitioner by certified mail, return receipt requested. If returned unserved, the clerk shall serve petitioner by ordinary mail.

**PETITION DISMISSED. COSTS TO PETITIONER. SO ORDERED.**

Abele, J. and McFarland, J.: Concur.

**FOR THE COURT**


_____
William H. Harsha
Administrative Judge

**NOTICE**

  **This document constitutes a final judgment entry and the time period for appeal commences from the date of filing with the clerk.**

  **Pursuant to Civ.R. 58(B), the clerk is ORDERED to serve notice of the judgment and its date of entry upon the journal on all parties who are not in default for failure to appear. Within three (3) days after journalization of this entry, the clerk is required to serve notice of the judgment pursuant to Civ.R. 5(B), and shall note the service in the appearance docket**